## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| BARCLAYS BANK DELAWARE, a national banking association, and PREMIER UNION TRUST, LLC, d/b/a SECOND CHOICE HORIZON, a Florida limited liability company, | **JURY TRIAL DEMANDED** |
| Defendants. | |

1.  Plaintiff Monica Abboud ("Abboud" or "Plaintiff") brings this Class Action Complaint against Defendants Barclays Bank Delaware ("Barclays") and Premier Union Trust, LLC d/b/a Second Choice Horizon ("SCH") (collectively the "Defendants") to: (1) stop Defendants' practice of placing telephone calls and text messages using an "automatic telephone dialing system" ("ATDS") and/or using an "artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendants from continuing to place autodialed and/or prerecorded telephone calls to consumers who have elected to out-out of receiving them, and (3) obtain redress for all persons injured by Defendants' conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees as set forth herein.

## PARTIES

2.  Plaintiff Monica Abboud is a natural person over the age of eighteen (18) who resides in Houston, Harris County, Texas.

3.    Defendant SCH is a d/b/a for a limited liability company, Premier Union Trust, LLC, organized and existing under the laws of the State of Florida whose primary place of business and corporate headquarters is located at 1341 Raintree Bend, Clermont, Florida 34714.

4.    Defendant Barclays is a state-chartered banking association in Delaware located at 125 S. West Street, Wilmington, DE 19801

## JURISDICTION & VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action raises a question of federal law under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members, when aggregated together, exceeds $5 million. Further, none of the exceptions to CAFA apply.

6.    This Court has personal jurisdiction over Defendants and venue is proper in this District because Defendant Barclays solicits significant business in this District, resides and is headquartered in this District, has entered into business contracts in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District.

## COMMON ALLEGATIONS OF FACT

7.    SCH is a company that pitches credit cards to consumers from banks like Barclay's and others under the guise of debt consolidation. Banks, like co-Defendant Barclay's, pay SCH for "leads"—consumers who might be interested or in the financial position to need a credit card to consolidate existing debt.

8.      Unfortunately for consumers, SCH, when fishing for new business on Barclay's behalf, casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited autodialed and/or pre-recorded calls and consumers' cellphones without any prior express consent to make these calls.

9.      Defendants place these calls to telephones using an ATDS or a pre-recorded voice without consumers' prior express consent, written or otherwise, in violation of the TCPA.

10.      That is, at no time did Defendant SCH or Defendant Barclays obtain prior express consent from the Plaintiff and the Class orally or in writing to receive calls or texts.

11.      In making the phone calls at issue in this Complaint, Defendants and/or their agent utilized an ATDS. Specifically, the hardware and software used by Defendants and/or their agents has the capacity to store, produce, and dial or text random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial or text message such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls and sending numerous text messages simultaneously, without human intervention.

12.      Additionally or in the alternative, Defendant's dialing system was made with and featured a pre-recorded voice.

13.      Defendant knowingly made, and continues to make, pre-recorded telemarketing calls without the prior express consent of the recipients.

14.      Alternatively, Defendant SCH's agents, acting on behalf of SCH or at Defendant's direction and control, and for Defendant's benefit/pursuant to a contract with the

3

Defendant, made such calls with Defendant's knowledge and approval, at Defendant's direction, and for Defendant's benefit.

15.     SCH itself made the calls on Barclay's behalf, for Barclay's and its own mutual benefit (SCH, on information and belief, gets paid a commission, referral fee, or other compensation when its customers have their Barclay's accounts activated), and with Barclay's full knowledge and approval.

16.     As such, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, they intentionally and repeatedly violated the TCPA in the process.

## FACTS SPECIFIC TO PLAINTIFF

17.     Plaintiff Abboud is the owner and customary user of a personal cellular telephone number ending in 3670.

18.     On October 1, 2018, Plaintiff Abboud received a prerecorded telemarketing call on her cellular telephone soliciting her to engage in debt consolidation with SCH.

19.     SCH was calling on behalf of Barclays and with the purpose of consolidating Plaintiff's existing debt, if any, into a Barclays card.

20.     Plaintiff Abboud never consented either orally or in writing to receive prerecorded and/or autodialed calls from SCH, Barclays, or from any of their affiliates or agents.

21.     Plaintiff received telephone calls from Defendant SCH on Barclays's behalf from the number 713-703-1144 on October 1, 2018, October 2, 2018, and October 4, 2018.

22.     Shortly after receiving these calls, Barclays began sending Plaintiff emails and letters delivered via U.S. mail soliciting her for the debt consolidation services SCH called her about.

23.    Plaintiff does not have a relationship with either Defendant or any of their agents, has never provided her telephone number directly to Defendants or their agents, and has never requested that Defendants or their agents place prerecorded and/or autodialed calls to her. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendants or their agents to place prerecorded and/or autodialed calls to her.

24.    Defendants and their agents were, and remain, aware that the above described prerecorded and/or autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

25.    By making or causing to made unauthorized prerecorded and/or autodialed calls as alleged herein, SCH and Barclay's have caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, wear and tear on consumer telephones, consumption of battery life, lost cellular minutes, loss of value realized for their wireless service plans, and the diminished use, enjoyment, value, and utility of their telephone plans and equipment. Furthermore, Defendants made the calls knowing they trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

26.    To redress these injuries, Plaintiff, on behalf of herself and a Class of similarly situated individuals defined below, brings this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized prerecorded and/or autodialed calling activities and an award of statutory damages to the class members to be placed into a common fund for the benefit of the Class, together with an award of costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and Rule 23(b)(3) on behalf of herself and the Class defined as follows:

> **No Consent Class**: All persons in the United States who (1) from the date four
> years prior to the filing of this Complaint through the date notice is sent to the class
> members; (2) Defendant SCH, or a third person acting on behalf of Defendant,
> called; (3) on the person's cellular telephone; (4) for the same Barclay's-related
> purpose for which Plaintiff was called; (5) using the same equipment used to call
> Plaintiff; and (6) for whom Defendant claims it obtained prior express consent in
> the same manner as Defendant claims it obtained prior express consent to call
> Plaintiff.

28.     The following people are excluded from the Class: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendants, Defendants'

subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their

parents have a controlling interest and its current or former officers and directors; (3) persons

who properly execute and file a timely request for exclusion from the Class; (4) persons whose

claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and

assignees of any such excluded persons. Plaintiff anticipates the need to amend the class

definitions following appropriate discovery regarding, *inter alia*, the size of the class, the

equipment used to dial Plaintiff, and the manner by which Defendants claim any prior express

consent was obtained to call Plaintiff.

29.     **Numerosity:** The exact number of members within the Class is unknown and not

available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On

information and belief, Defendants or their agents have placed autodialed and/or prerecorded

calls to thousands of consumers who fall into the defined Class. The exact number of members

of the Class can be identified through Defendants' records and by reference to other objective criteria.

30.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct.

31.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff and her counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

32.     **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions go to the very heart of the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a)     Whether Defendants' conduct violated the TCPA;

(b)      Whether Defendants made the calls with the use of an ATDS or pre-recorded voice;

(c)     Whether Defendants systematically made pre-recorded telephone calls to cellphone owners who did not previously provide Defendants and/or their agents with prior express written consent;

(d)     Whether SCH made the calls on behalf of Barclays;

(e)     Whether the calls were for telemarketing purposes; and

(f)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

33.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendants have acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

34.    **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendants for the same conduct.

<u>**FIRST CAUSE OF ACTION**</u>
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the No Consent Class)**

35.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36.    Defendants or their agents made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendants' credit card lead/debt consolidation referral services.

37.    Defendants and their agents failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a clear and conspicuous disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

38.    Further, Defendants or their agents placed the telephone calls using an ATDS, that is, equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

39.    Or Defendants used technology that played or used a pre-recorded or artificial voice.

40.    By making unsolicited telephone calls to Plaintiff and members of the No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS and/or pre-recorded or artificial voice, Defendants and their agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

41.    Defendant SCH made the calls on behalf of Defendant Barclays. Barclays knowingly received the benefits of such calls and ratified the calls.

42.    As a result of Defendants' unlawful conduct, or the conduct of Defendants' agents on or for Defendants' behalf, Plaintiff and the members of the No Consent Class suffered actual

damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

43.    In the even it is determined that Defendants' conduct was willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Monica Abboud, on behalf of herself and the Class, prays for the following relief:

A.    An order certifying the Class as defined above, appointing Plaintiff Abboud as the representative of the Class, and appointing her counsel as Class Counsel;

B.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C.    An order declaring that Defendants' actions, as set out above, violate the TCPA;

D.    An order declaring that Defendants' actions, as set out above, were willful, and awarding treble damages;

E.    A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

F.    An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

G.    An award of reasonable attorneys' fees and costs to be paid out of the

common fund prayed for above; and

     H.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: November 18, 2019

**MONICA ABBOUD**, individually and on behalf of all others similarly situated,

Seitz, Van Ogtrop & Green, P.A.

By: _/s/ Jared T. Green_
Jared T. Green (DE5179)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
jtgreen@svglaw.com
Tel: 302-888-0600
Fax: 302-888-0606

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* _Pro Hac Vice admission to be sought_